

FILED
MAR 2 5 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW J. HARGRETT, JR.,

    Defendant.

Case No. 04 C 2433

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff United States of America seeks payment from Defendant Andrew J. Hargrett, Jr. on an unpaid government-insured Health Education Assistance Loan ("HEAL"), see 42 U.S.C. § 292f-p, made by a private lender and assigned to the United States.

### I. BACKGROUND

Plaintiff claims that it is entitled to judgment because Defendant's Answer purportedly admits all the necessary predicates for collection of an outstanding HEAL debt and Defendant's defenses cannot avoid liability. Plaintiff demands repayment of the principal sum plus interest and costs. The Court finds that there remains an outstanding issue of material fact and accordingly **denies** Plaintiff's motion.

### II. DISCUSSION

Judgment on the pleadings is appropriate under FED. R. CIV. PROC. 12(c) when viewing the facts in the light most favorable to

the nonmoving party, it is beyond a doubt that the nonmoving party cannot plead facts to support his cause of action. *United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991). The moving party must also establish that there are no disputed issues of material fact and that the movant is entitled to judgment as a matter of law. *Grossman v. Minn. Mut. Life Ins. Co.*, 842 F. Supp. 308, 309 (N.D. Ill. 1993).

Defendant claims in his response brief that the loan should be cancelled in its entirety because he has claimed "total disability." 42 C.F.R. § 60.8(10); (Def. Res. at 6-7). Under federal law, both parties agree that only three events form the basis for discharge of a HEAL loan: death, total disability, or bankruptcy. § 60.8(a)(10), (b)(6); (Def. Res. ¶¶ 20-25; Pl. Mot. at 3). Defendant's Answer does not raise this defense and pleadings cannot be amended in a response to a motion for judgment on the pleadings. *See Perkins v. Silverstein*, 939 F.2d 463, 470 n.6 (7th Cir. 1991)(discussing the counterpart motion to dismiss). However, the Court construes *pro se* pleadings liberally, see *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001), and finds that Defendant's subsequent letters to the Court and Plaintiff discussing his alleged total disability constructively amend his Answer to assert the defense of "total and permanent disability."

The government acknowledges that Defendant has sent a letter[s] stating that he is permanently disabled in response to the government's demand for HEAL repayment. (*See* Complaint, Exh. A). As previously mentioned, Defendant also has submitted several letters to the Court stating the same and discussing reasons for the delay in filing of an official disability application with documented medical evidence. The government asserts, and Defendant does not contest, that there is no pending application with the Department of Health and Human Services, nor that there was ever any previous application submitted to support Defendant's total disability defense. *See* § 60.39(b). The relevant regulation states only that "[a]fter being *notified* by the borrower . . . that the borrower claims to be totally and permanently disabled, the holder of the loan may not attempt to collect on the loan from the borrower or any endorser." § 60.39(b)(2) (emphasis added). The regulation goes on to state that the holder must then request a determination from the Secretary. § 60.39(b)(3). There being no dispute that Defendant *notified* the holder (Plaintiff), an outstanding issue of material fact remains as to whether or not "the Secretary determines that the borrower is totally and permanently disabled." § 60.39(b)(3). Accordingly, because there is no evidence that the Secretary has made any such determination regarding

Defendant's disability claim, the Court must deny Plaintiff's motion without prejudice.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Judgment on the Pleadings [6-1][11-1] is **DENIED WITHOUT PREJUDICE** as there remains an outstanding factual issue.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: March 25, 2005